## BRATTLEBORO MEMORIAL HOSPITAL v. DEPARTMENT OF BANKING, INSURANCE, SECURITIES AND HEALTH CARE ADMINISTRATION

[782 A.2d 1217]

No. 00-181

September 19, 2001. Plaintiff Brattleboro Memorial Hospital ("the Hospital") appeals a final determination of the Department of Banking, Insurance, Securities and Health Care Administration ("BISHCA") asserting Certificate of Need ("CON") jurisdiction over the Hospital's mobile magnetic resonance imaging ("MRI") service. The Hospital argues that the relevant jurisdictional definition of "new institutional health service" does not allow BISHCA to require a certificate of need unless: (1) the service has not been offered through the hospital on a regular basis in the previous twelve months and (2) the annual operating expense in the service's first year of operation exceeds $300,000. See 18 V.S.A. § 9434(a)(5). We agree with the Hospital's claim that BISHCA's assertion of CON jurisdiction erroneously relied exclusively on a projected annual operating expenditure in excess of the $300,000 threshold and, therefore, we reverse and remand.

The Hospital initiated a mobile MRI service in February 1997. It began by offering the service one day per week and, in 1998, increased the service to include a second day every other week. It continues to provide this same level of service. In its first two years of operation, the service's annual operating expenditures were $143,000 and $276,000. In 1999, despite lower projections, its annual operating expenditures were $304,000.

All Vermont hospitals, including Brattleboro Memorial Hospital, annually submit proposed budgets to BISHCA for review, pursuant to 18 V.S.A. §§ 9451-9458. BISHCA retains CON jurisdiction over new institutional health services with annual budgets exceeding $300,000. In July 1999, the Hospital submitted a budget for the fiscal year 2000, which included a projected annual operating expense for its mobile MRI service in the amount of $342,000. BISHCA advised the Hospital that because the projected expenditures of the service exceeded the $300,000 threshold level, it would be considered a new service, and consequently that the Hospital was required to submit a CON application, pursuant to 18 V.S.A. § 9434(a)(5).

In a letter dated January 11, 2000, the Hospital refused to submit a CON application for the mobile MRI service, arguing that the statutory criteria granting BISHCA jurisdiction had not been met. Specifically, the Hospital claimed that its mobile MRI service was not a "new institutional health service" within the meaning of the statute because it had been offered on a regular basis since 1997.

On March 23, 2000, the Commissioner of BISHCA issued its final determination, asserting jurisdiction over the MRI service, pursuant to 18 V.S.A. §§ 9434-9445. According to the Commissioner, § 9434 includes those services that "creep" over the threshold amount.

On appeal, the Hospital contends that the statute's terms unambiguously limit CON review to new services that meet all of the statutory criteria, not only the financial threshold, and that the statute does not extend jurisdiction to services that operated below the threshold level in their first year. The Hospital argues that because the MRI service has been offered on a regular basis for more than twelve months prior to the time its annual operating expenses exceeded $300,000 it does not satisfy the threshold

criteria triggering BISHCA's CON jurisdiction.

A "new institutional health service" includes:

> the offering of health services in or through a health care facility which were not offered on a regular basis in or through such health care facility within the twelve-month period prior to the time such services would be offered if such services have an annual operating expense in excess of $300,000 . . . .

*Id.* § 9434(a)(5). The statute defines "annual operating expense" as "that expense which, by generally accepted accounting principles, is incurred by a new health care service during the first fiscal year in which the service is in full operation after completion of the project." *Id.* § 9432(13).

Thus, in order to fit within the statutory description, the service must: (1) have not been offered through a hospital on a regular basis within the previous twelve month period, and (2) its annual operating expense *in its first year of operation* must be in excess of $300,000.

We note that although both the Hospital and BISHCA vigorously contest on appeal the operative effect of the "facts" asserted in their briefs, we do not have before us a record developed in a contested case. See 3 V.S.A. § 809(e). In essence, the parties ask us to apply their respective conflicting statutory interpretations of relevant portions of 18 V.S.A. § 9434 to a record devoid of the evidence necessary to meaningful application of the law to the facts. Furthermore, the fact that the case was not contested does not excuse BISHCA from considering evidence that bears on the relevant statutory criteria. See *In re AssureCare of Vermont, Inc.*, 165 Vt. 535, 541, 686 A.2d 959, 963 (1996).

In a March 15, 2000 letter to the Hospital, BISHCA contended that once the $300,000 "statutory threshold is exceeded, jurisdiction is triggered." The Commissioner's final determination of March 23, 2000 is based on the same reasoning. BISHCA's decision to assert jurisdiction was thus based solely upon the service having exceeded the $300,000 threshold. In making its determination, the Commissioner makes no reference to the other factors contemplated by the statute, either when the service was in "full operation," or when it began operating on a regular basis.

On appeal, BISHCA offers an alternative rationale that the MRI service was not in "full operation" until 1999 as the Hospital offered the mobile MRI service sporadically, and continued to increase its days of service as well as the number of procedures performed. Thus, according to BISHCA, the first fiscal year in which the service was in "full operation" after the completion of the project was 2000.

We cannot determine from the record before us whether there is sufficient evidence to support BISHCA's later rationale. In any event, the Commissioner's March 23, 2000 determination erroneously relies on too narrow a construction of 18 V.S.A. § 9434(a)(5) and must be reversed. Whether the Commissioner may appropriately conclude that the Hospital's mobile MRI service is a "new institutional health service" within the meaning of § 9434(a)(5) depends upon the application of the complete statutory definition of the term to an adequately developed factual record. That has not occurred here.

*Reversed and remanded.*